IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAE TANAKA, | : | |
| | : | |
|    Plaintiff, | : | Case No. 4: CV-05-1954 |
| | : | |
| v. | : | |
| | : | |
| SARA MCCOY, | : | (Judge McClure) |
| | : | |
|    Defendant. | : | |

**O R D E R**

June 14, 2006

**BACKGROUND:**

On September 27, 2005, plaintiff Kae Tanaka filed a three-count complaint against defendant Sara McCoy. This dispute is about the ownership rights to three websites: http://www.bluefind.com ("bluefind.com"), http://www.sevenseek.com ("sevenseek.com"), http://www.v7n.com ("v7n.com"), and the revenue those websites generate.[1] Contemporaneously with the filing of her complaint, plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. On September 29, 2005, the court issued a TRO after holding an ex parte hearing, and scheduled a hearing on plaintiff's request for a preliminary

---

[1] Our October 14, 2005 order more fully sets out the nature of the dispute.

1

injunction for October 11, 2005. At that hearing we orally dissolved the TRO. On October 14, 2005, following our second hearing, we denied plaintiff's motion for a preliminary injunction and formally dissolved the TRO.

On April 11, 2006, plaintiff filed a motion to compel discovery responses from defendant pursuant to Federal Rule of Civil Procedure 37(a). A brief in support was filed on April 26, 2006. The motion and brief in support included a request by defendant for an award of reasonable expenses, including attorneys' fees, incurred in making the motion to compel. The motion also indicated defendant's numerous attempts to resolve the discovery issue before resorting to filing a motion to compel. Defendant did not respond.

On May 23, 2006, we granted plaintiff's motion to compel. We also ordered that plaintiff was entitled to sanctions for defendant's failure to comply with plaintiff's discovery requests. Our order provided plaintiff with ten (10) days to submit evidence of reasonable expenses incurred in the preparation of the motion to compel, and the method for calculating those expenses. The order also stated that defendant would then have ten (10) days from receipt of the defendant's statement to file a response.

On June 1, 2006, plaintiff filed her statement of reasonable expenses and supporting exhibits. (Rec. Doc. No. 41.) That statement indicated that plaintiff

incurred $813.80 in reasonable expenses in filing the motion to compel.

On June 12, 2006, defendant filed her response.  Defendant's response indicated that defendant did not respond to plaintiff's motion to compel and plaintiff cannot afford to pay sanctions because:  1) the parties have been in settlement negotiations for several months; 2) John Scott, who defendant asserts is the real party in interest, obtained an order in the King County Court of Seattle, Washington and obtained control of the disputed websites; 3) defendant has expended considerable sums of money in litigating the Washington state case; and 4) defendant does not have the financial means to pay the sanctions.  The court finds none of these excuses persuasive.

Plaintiff's proposed order directing payment of the sanctions seeks payments directly from defendant for her failure to respond.  (Rec. Doc. No. 41-4.) The Federal Rules address who may be sanctioned for the costs and expenses of a party filing a motion to compel that is granted.  In relevant part Federal Rule of Civil Procedure 37 states:

> <u>If the motion is granted</u> or if the disclosure or requested discovery is provided after the motion was filed, the court <u>shall</u>, after affording an opportunity to be heard, <u>require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including</u>

<u>attorney's fees</u>. . . .

Fed. R. Civ. P. 37(a)(4)(a) (emphasis added).  The text of the rule provides for joint and several liability of the attorney and the party necessitating the motion. <u>New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.</u>, 252 F.3d 667, 670 (2d Cir. 2001) (per curiam) (noting availability of finding Rule 37 sanctions against an attorney and making those sanctions joint and severally liable with his client): <u>see</u> <u>Martin v. Brown</u>, 63 F.3d 1252, 1265 (3d Cir. 1995) (reversing district court that held attorney jointly and severally liable with client because district court failed to specifically articulate how attorney's conduct linked to the various theories for imposing sanctions).

    The filings indicate that defendant has failed to respond to plaintiff's repeated requests for discovery, which began in late December 2005.  As of today it appears that discovery has still not been provided.  The justifications offered by defendant are without merit.  Our order today will not hold only the defendant liable, however, because it appears to the court that defendant's attorney is also responsible for her failure to respond to discovery.  Defense counsel asserts that the parties have been in settlement negotiations as one of the grounds for defendant's failure to respond to plaintiff's discovery requests.  However, plaintiff's filings indicate that over several months defense counsel has failed to

respond to plaintiff's counsel's inquiries.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.  Plaintiff is entitled to $813.80 for defendant's failure to make timely disclosures as is evidenced by plaintiff's statement.  (Rec. Doc. No. 41.)

    2.  Defendant Sara McCoy and her counsel Joseph Orso are jointly liable for the reasonable costs and expenses in the sum of $813.80 incurred by plaintiff's counsel in filing the motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) and are directed to make payment within twenty (20) days.

       s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge