IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAE TANAKA,                     :
                                :
        Plaintiff,              :        Case No. 4: CV-05-1954
                                :
    v.                          :
                                :
SARA MCCOY,                     :        (Judge McClure)
                                :
        Defendant.              :

**O R D E R**

August 23, 2006

**BACKGROUND:**

On September 27, 2005, plaintiff Kae Tanaka filed a three-count complaint

against defendant Sara McCoy.  This dispute is about the ownership rights to three

websites: http://www.bluefind.com ("bluefind.com"), http://www.sevenseek.com

("sevenseek.com"), http://www.v7n.com ("v7n.com"), and the revenue those

websites generate.[1] Contemporaneously with the filing of her complaint, plaintiff

filed a motion for a temporary restraining order ("TRO") and a preliminary

injunction.  On September 29, 2005, the court issued a TRO after holding an <u>ex

parte</u> hearing, and scheduled a hearing on plaintiff's request for a preliminary

---

[1]Our October 14, 2005 order more fully sets out the nature of the dispute.

1

injunction for October 11, 2005.  At that hearing we orally dissolved the TRO.  On October 14, 2005, following our second hearing, we denied plaintiff's motion for a preliminary injunction and formally dissolved the TRO.

On April 11, 2006, plaintiff filed a motion to compel discovery responses from defendant pursuant to Federal Rule of Civil Procedure 37(a).  A brief in support was filed on April 26, 2006.  The motion and brief in support included a request by defendant for an award of reasonable expenses, including attorneys' fees, incurred in making the motion to compel.  The motion also recited plaintiff's numerous attempts to resolve the discovery issue before resorting to filing a motion to compel.  Defendant did not respond.

On May 23, 2006, we granted plaintiff's motion to compel. We also ordered that plaintiff was entitled to sanctions for defendant's failure to comply with plaintiff's discovery requests.  On June 14, 2006, we issued an order jointly sanctioning defendant McCoy and her attorney Orso for the reasonable costs and expenses in the sum of $813.80 incurred by plaintiff's counsel in filing the motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

Shortly after we issued our order plaintiff again filed a motion for sanctions against defendant.  That June 30, 2006 motion is now before the court and requests that we enter default judgment against defendants for failure to obey our discovery

order.  Plaintiff briefed the motion on July 17, 2006.  By order dated July 25, 2006 we granted defendant's request for an extension of time to file a brief in opposition.  Under the terms of our order defendant had until August 16, 2006 to file her brief in opposition.  As of the date of this order no opposing brief has been filed.  Therefore, the motion for sanctions is deemed unopposed, under Local Rule 7.6.

For the reasons that follow we will grant the extreme sanction of entering a default judgment in favor of the plaintiff and against the defendant.  As defendant has requested a jury trial, we will by separate order schedule a jury trial on the issue of damages.  Furthermore, as we did in our May 23, 2006 order, we will also grant plaintiff's request under Federal Rule of Civil Procedure 37(a)(4) for an award of attorney's fees and costs incurred in filing the instant motion.

**DISCUSSION:**

Plaintiff seeks as a sanction an entry of default judgment in her favor and against defendant in this matter because of defendant's incomplete and evasive discovery responses provided after we issued our order granting plaintiff's previous motion to compel and granting monetary sanctions against defendant.  Federal Rule of Civil Procedure 37 provides for this sort of sanction.  Rule 37(c) authorizes the imposition of a default judgment against a disobedient party and the

3

payment of attorney's fees caused by the party's failure.  Fed. R. Civ. P. 37(c) &

37(b)(2)(c).  Defendant has failed to comply with our court order compelling

discovery and has failed to provide adequate responses to plaintiff's requests.

In this case there is an extensive history of defendant's being non-

cooperative in discovery and non-responsive to our orders.  By previous order we

granted plaintiff's motion to compel discovery deemed as unopposed.  Defendant

has not filed a brief in opposition to the instant motion.  We agree with plaintiff

that the circumstances of this case make it proper for us to enter default judgment

in favor of the plaintiff and against the defendant.

Our decision to enter a default judgment as a sanction is in compliance with

the six-part test enunciated by the United States Court of Appeals in Poulis v. State

Farm and Fire Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  Under Poulis we

must examine the appropriateness of the extreme sanction in light of: (1) the extent

of the party's personal responsibility; (2) the prejudice to the adversary caused by

the failure to meet scheduling orders and respond to discovery; (3) a history of

dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad

faith; (5) the effectiveness of sanctions other than dismissal [or entry of default

judgment]; and (6) the meritoriousness of the claim or defense.  Id. at 868; see also

Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990) (discussing

4

sanctions, <u>Poulis</u> factors, and authority of entering default judgment under Rule 55 for failure to answer or otherwise defend).

For the following reasons we find that a lesser sanction is not warranted under the circumstances of this case.  First, we have already issued an order compelling the defendant's answers to the plaintiff's requests for discovery and requiring the payment of over $800 in fees jointly from defendant and her counsel. Quite simply, lesser sanctions have already proven ineffective.  Second, we have given defendant an extension of time to file a response to the instant motion for sanctions, and even today, nearly a week after the extended deadline, defendant has still not filed a brief in opposition.  This appears to be a part of a long pattern of defendant and her counsel's wilful noncompliance with our orders and the discovery schedule.  Third, we are extremely unimpressed with defendant's evasive and incomplete answers to plaintiff's requests.  For example, in response to interrogatory number 24 defendant states "too numerous to mention."  (Rec. Doc. No. 44, at 33.)  And in response to interrogatory number 25, which included a request for any written statements regarding the website, defendant stated "Statements from previous court hearings.  I do not have the documents."  (Rec. Doc. No. 44, at 34.)  We find these answers wholly unacceptable, evasive, and in noncompliance with our court order.

Therefore, for all of the above reasons, and in light of the factors enunciated in <u>Poulis,</u> we will take the extreme measure of entering default judgment in favor of the plaintiff and against the defendant.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Motion for Sanctions with Entry of Default Judgment Against Defendant for Failure to Obey Discovery Order is granted, as it is deemed unopposed, and for the reasons mentioned above.  (Rec. Doc. No. 44.)

2.  Judgment is entered in favor of the plaintiff Kae Tanaka and against the defendant Sara McCoy.  A jury trial on the amount of damages shall be set by a separate court order.

3.  Plaintiff is entitled to sanctions for defendant's failure to obey our discovery order, including the attorney's fees and costs in bringing the instant motion.

4.  Plaintiff's counsel shall have ten (10) days from the entry of this order to submit a statement of reasonable expenses, including attorney's fees, incurred in the preparation of the motion for sanctions.  The statement shall be accompanied

by supporting documentation.  Defendant may file a response thereto within ten

(10) days after service of plaintiff's statement of expenses.


                                        __s/ James F. McClure, Jr.___
                                        James F. McClure, Jr.
                                        United States District Judge